# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC,** *Plaintiff* | § § § § § § § § § § § § § | |
| **v.** | | **No. 1:25-CV-00434-ADA-DH** |
| **DAVID BROWN, CAROL BROWN, SW HOMEOWNERS ASSOCIATION, INC., UNITED STATES OF AMERICA,** *Defendants* | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Plaintiff PennyMac Loan Services, LLC ("PennyMac") filed this suit in March 2025. Dkt. 1. PennyMac amended its complaint on June 11, 2025. Dkt. 14. Defendants David Brown, Carol Brown, and SW Homeowners Association (collectively, "Defendants") did not—and still have not—appeared.[1] PennyMac moved for entry of default as to each Defendant, which the clerk entered. Dkts. 18; 22. PennyMac now moves for default judgment against Defendants. Dkt. 23. After reviewing the motion and the relevant law, the undersigned recommends that the District Judge grant PennyMac's motion.

---

[1] Defendant United States of America moved for, and the undersigned entered, a consent order granting the relief sought by PennyMac against the United States and relieving the United States from any further appearances in this case. Dkts. 12; 13.

1

## I.      BACKGROUND

PennyMac is the mortgagee of a loan agreement secured by the real property at issue in this suit (the "property"). Dkt. 14, at 1. Defendants Carol and David Brown (the "borrowers") executed a promissory note for the purchase of the property and a deed of trust encumbering the property as security for payment of the note. Dkts. 14, at 3; 14-2. PennyMac is the beneficiary of the deed of trust pursuant to assignments. Dkts. 14, at 4; 14-3. Defendant SW Homeowners Association is the owner of a subordinate lien. Dkt. 14, at 2. After the borrowers failed to pay the loan, PennyMac sued Defendants for breach of contract, seeking a declaratory judgment that they are entitled to non-judicial foreclosure of the lien and, in the alternative, judicial foreclosure of the lien. *Id.* at 6-8. PennyMac also asks the Court to award attorneys' fees and costs. *Id.* at 8-9.

Defendants, other than the United States, did not appear or otherwise respond to PennyMac's complaint. PennyMac moved for, and the clerk entered, default against Defendants. Dkts. 18; 22. PennyMac now moves for default judgment, asking this Court to award the relief it seeks in its complaint, namely, to allow PennyMac to enforce its lien through non-judicial foreclosure at public auction. Dkts. 14, at 6-7; 23, at 5. In the alternative, PennyMac requests judicial foreclosure. Dkt. 14, at 7-8. Finally, PennyMac seeks attorneys' fees and costs. *Id.* at 8-9.

## II.      LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or

otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering PennyMac's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether PennyMac's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, PennyMac should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).[2]

### III.   DISCUSSION

### A.   Default judgment is procedurally warranted.

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the

---

[2] PennyMac has established Defendants were properly served, and the District Court entered default. Fed. R. Civ. P. 55(a); Dkts. 18-1; 18-2; 18-3; 22. PennyMac's attorney attests that no Defendant is a minor or incompetent person. *See* Fed. R. Civ. P. 55(b)(2); Dkt. 19, at 3. PennyMac has also established that no Defendant is "in military service." 50 U.S.C. § 3931; Dkt. 20.

grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Defendants. Because Defendants have not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendants' failure to appear and respond has ground the adversary process to a halt, prejudicing PennyMac's interest in pursuing its claims for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Defendants were properly served and have failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkts. 18-1; 18-2; 18-3; 22. There is no indication that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

## B.    Default judgment is substantively warranted.

Default judgment is proper only if the well-pleaded factual allegations in PennyMac's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded

allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1.      PennyMac is entitled to default judgment on its breach-of-contract claim.

In its complaint, PennyMac asserts a cause of action for breach of contract. Dkt. 14, at 5-6. To prevail on a breach-of-contract claim, PennyMac must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). First, PennyMac has alleged that through the note and deed of trust, the borrowers entered a valid contract with PennyMac's predecessor in interest. Dkt. 14, at 5; *see* Dkts. 14-1; 14-2; 14-3.

PennyMac also attaches copies of the note and deed of trust. Dkts. 14-1; 14-2; 14-3. Second, PennyMac has pleaded that it performed under the contract when it or its predecessor in interest funded the loan that the borrowers promised to repay. Dkt. 14, at 6. Third, PennyMac alleges that the borrowers breached the contract by failing to make payments in accordance with the payment schedule. *Id.*; *see also* Dkt. 14-4. Defendants have thus breached the agreement. Fourth and finally, PennyMac alleges that it has incurred damages in the amount of the payoff of the loan agreement. Dkt. 14, at 8.

2.    PennyMac is entitled to non-judicial foreclosure of the property.

PennyMac seeks a judgment allowing it to enforce its lien through non-judicial foreclosure. Dkt. 14, at 6-7.[3] To foreclose under a security instrument with a power of sale, the lender is required to show that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default under the note and security instrument; and (4) the borrower has been properly served with notice of default and acceleration. *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014); Tex. Prop. Code § 51.002.

PennyMac's complaint presents sufficient factual allegations demonstrating all requirements for an order authorizing foreclosure. First, PennyMac demonstrates that a debt exists by providing a copy of the note executed by the obligors and the deed of trust. Dkts. 14-1; 14-2; 14-3. Second, by providing the deed of trust, PennyMac

---

[3] PennyMac seeks judicial foreclosure in the alternative. Dkt. 14, at 7. Because, as explained below, the undersigned recommends that the District Judge allow PennyMac to enforce its lien through non-judicial foreclosure and grant PennyMac's request for declaratory relief, the undersigned does not reach PennyMac's request for judicial foreclosure.

shows that a lien has been created that secures the debt under Texas law. Dkt. 14-2. Third, PennyMac alleges that Defendants failed to make payments on the loan. Dkt. 14, at 6. Fourth, PennyMac alleges and presents evidence that it notified Defendants of the default and PennyMac's intent to accelerate. *Id.*; Dkt. 14-4. PennyMac has satisfied the requirements for a non-judicial foreclosure under Texas law.

*   *   *

PennyMac's factual allegations and the record before the undersigned are enough to raise its right to relief above a speculative level as to each of its claims. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted.

**C.    PennyMac is entitled to the relief it seeks, except that it may move for attorneys' fees and costs at a later stage.**

1.    Declaratory judgment is warranted.

Because PennyMac shows it is entitled to default judgment, the Court must determine what form of relief, if any, it should receive. In its motion, PennyMac clarifies that it does not seek monetary damages against Defendants but instead seeks a declaratory judgment that it may enforce its lien through non-judicial foreclosure. Dkt. 23, at 5.

In the default-judgment context, courts regularly permit the enforcement of a security instrument against real property through non-judicial foreclosure. *See, e.g.*, *Wilmington Sav. Fund Soc'y, FSB v. Rivera*, No. A-25-CV-826-ADA-ML, 2025 WL 2886306, at *6 (W.D. Tex. Sep. 24, 2025), *R. & R. adopted*, 2025 WL 2881172 (W.D. Tex. Oct. 9, 2025); *Wells Fargo Bank, N.A. v. Hodges*, 4:21-CV-00410-SDJ-CAN, 2023

WL 2058705, at *7 (E.D. Tex. Jan. 25, 2023) (collecting cases), *R. & R. adopted*, 2023 WL 2403150 (E.D. Tex. Mar. 7, 2023). "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether an "actual controversy" exists between the parties to the action. *Id.* Second, if the court has jurisdiction, it must determine whether it has the "authority" to grant declaratory relief. *Id.* Finally, the court must determine whether to exercise its discretion to decide or dismiss the declaratory action. *Id.*

Here, an actual controversy exists due to Defendants' default on the loan agreement and PennyMac's desire to foreclose the property. *See* Dkt. 14, at 5-6. Nothing before the Court indicates the existence of a related state-court action, and the Court has jurisdiction over this action because it is directed against the United States of America. 28 U.S.C. § 1442(a)(1).[4] Finally, the factors of fairness do not weigh against this Court hearing this action, and there is no indication that this action is duplicative of any other existing litigation. The undersigned finds that declaratory relief is appropriate.

> 2.      PennyMac may be entitled to attorneys' fees and costs at a later stage.

PennyMac also seeks attorneys' fees under the terms of the note and the deed of trust. Dkt. 14, at 8. Texas law provides that a prevailing party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract." Tex. Civ. Prac. & Rem. Code

---

[4] Defendant United States of America removed this case to federal court. Dkt. 1.

§ 38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003. PennyMac is the prevailing party because the undersigned is recommending affirmative relief, in the form of a declaratory judgment, in its favor.

While PennyMac is entitled to attorneys' fees and costs under the loan instruments, it has not provided sufficient information for the Court to rule on its request for such fees and costs. PennyMac did not request any specific amount of attorneys' fees and costs or provide an affidavit from its counsel testifying to the reasonableness and necessity of the requested attorneys' fees. *See* Dkt. 18; Fed. R. Civ. P. 54(d); *see also Aguacates Seleccionados JBR USA, LLC v. Bucks Fresh Produce, LLC*, 2020 WL 2193501, at *13 (S.D. Tex. May 6, 2020) ("There is no affidavit from an attorney employed by [the law firm] and there are no documents from the firm evidencing the hours billed. As such, the court does not have adequate information by which it can determine whether the attorney's fees requested for the work performed by [the firm] are reasonable."), *on reconsideration*, 2020 WL 4883898 (S.D. Tex. Aug. 20, 2020); *see also Wilmington*, 2025 WL 2886306, at *5. The undersigned will therefore recommend that the District Judge deny PennyMac's request for attorneys' fees and costs without prejudice.

3.    PennyMac should receive pre- and post-judgment interest.

The undersigned recommends awarding PennyMac pre-judgment and post-judgment interest. PennyMac requests interest allowed to it under the terms and conditions of the loan agreement. Dkt. 14, at 4. Under the agreement, PennyMac is

9

entitled to a contractual yearly rate of 4.500% interest on the unpaid principal. *See* Dkt. 14-1, at 2; *Main St. Bank v. Unisen, Inc.*, No. CV H-06-3776, 2008 WL 11483415, at \*8 (S.D. Tex. Feb. 15, 2008) ("On a breach of contract claim, any award of prejudgment interest is governed by common law and may be set by the contract." (citing *Adams v. H&H Meat Prods., Inc.*, 41 S.W.3d 762, 780 (Tex. App.—Corpus Christi 2001, no pet.))).

Federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989)). In particular, federal law provides that "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, PennyMac should receive post-judgment interest on the entire amount of the final judgment as calculated pursuant to § 1961.

## IV.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** PennyMac's motion for default judgment against Defendants, Dkt. 23. Specifically, the undersigned **RECOMMENDS** that the District Judge enter default judgment against Defendants, award PennyMac prejudgment and post-judgment interest, and issue the following a declaratory judgment:

1. PennyMac is the mortgagee of the deed of trust securing the real property and improvements commonly known as 1824 Jamie Drive, Manor, TX 78653;

2. The note signed by the borrowers, by way of a corporate assignment of the deed of trust, provides PennyMac with a first lien security interest on the property; and

3. Given default on the note has occurred, PennyMac, or its successors or assigns, may enforce its deed of trust against the property through non-judicial foreclosure of the property.

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** PennyMac's request for attorneys' fees and costs without prejudice.

## V.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

11

SIGNED March 10, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE