**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:25-CV-434-ADA-DH** |
| | § | |
| **DAVID BROWN, CAROL BROWN,** | § | |
| **SW HOMEOWNERS ASSOCIATION,** | § | |
| **INC., UNITED STATES OF** | § | |
| **AMERICA,** | § | |
| | § | |
| **Defendants.** | | |

**ORDER ADOPTING MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Howell filed on March 10, 2026 regarding Plaintiff's Motion for default judgment (ECF No. 23). ECF No. 25.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). As of today, neither party has filed objections.

When no objections are timely filed, a district court reviews the magistrate judge's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court has reviewed the report and recommendation and finds no clear error.

 **IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Howell (ECF No. 25) is **ADOPTED**.

PennyMac's Motion for default judgment is **GRANTED-IN-PART** (ECF No. 23).  The Court enters this default judgment against Defendants, awards PennyMac prejudgment interest, post-judgment interest, and issues the following declaratory judgment:

1. PennyMac is the mortgagee of the deed of trust securing the real property and improvements commonly known as 1824 Jamie Drive, Manor, TX 78653;

2. The note signed by the borrowers, by way of a corporate assignment of the deed of trust, provides PennyMac with a first lien security interest on the property; and

3. Given default on the note has occurred, PennyMac, or its successors or assigns, may enforce its deed of trust against the property through nonjudicial foreclosure of the property.

PennyMac's request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

**SIGNED** 04/27/2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

2