**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION**

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC,** *Plaintiff* | § | **No. 1:25-cv-434-ADA-DH** |
| **v.** | § | |
| **DAVID BROWN, CAROL BROWN, SW HOMEOWNERS ASSOCIATION, INC., AND THE UNITED STATES OF AMERICA,** *Defendants* | § | |

**ORDER**

Plaintiff PennyMac Loan Services, LLC ("PennyMac") moves to recover its attorneys' fees and costs after obtaining a default judgment against Defendants David and Carol Brown and SW Homeowners Association, Inc.[1] Dkt. 28. For the reasons stated below, the Court grants PennyMac's motion.

## I. BACKGROUND

PennyMac filed this judicial foreclosure suit in March 2025. Defendants David Brown, Carol Brown, and SW Homeowner's Association (together, "Defaulting Defendants") did not, and still have not, appeared. PennyMac moved for entry of default as to each defendant, which the clerk entered. Dkts. 18; 22. PennyMac then moved for default judgment against Defaulting Defendants. Dkt 23. The undersigned recommended that the District Judge grant default judgment against the Defaulting

[1] Defendant United States of America moved for, and the undersigned entered, a consent order granting the relief sought by PennyMac against the United States and relieving the United States from any further appearances in this case. Dkts. 12; 13

Defendants but deny PennyMac's request for attorneys' fees and costs without prejudice, affording PennyMac an opportunity to separately move for that relief. Dkt. 25. The District Judge adopted that report and recommendation, Dkt. 27, and this motion for attorneys' fees and costs followed, Dkt. 28.

## II. DISCUSSION

PennyMac seeks attorneys' fees under the terms of the note and the deed of trust. Dkt. 14, at 8. Texas law provides that a prevailing party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003. PennyMac is the prevailing party because the Court awarded affirmative relief, in the form of a declaratory judgment, in its favor. Dkt. 27, at 2. In support of the motion, counsel for PennyMac provided a declaration in which he set out in detail the 12 hours of work he put into this case, billed at a range of $245-$330 per hour. Dkt. 26-1, at 1-3. Counsel attests that the rate and tasks were reasonable for this matter, *id.*, and the undersigned agrees.

Additionally, PennyMac seeks its costs incurred in connection with filing and serving the documents in the case. Dkts. 26-1, at 3; 28, at 3. As for the $488.00 in state-court filing fees, the Court finds those are recoverable and will award them. *See, e.g.*, *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *1 (W.D. Tex. June 23, 2010) (citing 28 U.S.C. § 1920).

The service-of-process fees, however, are not reimbursable at the amount PennyMac requests. PennyMac sets these costs out as follows:

o. **4/4/2025:** **$360.00** Partial Service of PennyMac's Original Petition
p. **4/7/2025:** **$490.00** Final Service Cost of PennyMac's Original Petition
q. **7/16/2025:** **$400.00** Service of PennyMac's Amended Complaint and Summons

Dkt. 26-1, at 3. PennyMac provides no additional proof in support of these expenses, and the Court cannot discern from this record how PennyMac arrived at these numbers.[2] Moreover, PennyMac does not indicate whether these fees were charged by private process servers, though presumably they were. "'[P]rivate process server costs in lieu of marshal fees may be taxed, but only to the extent that they do not exceed the costs that would have been incurred had the marshal effected service.'" *Lear Siegler*, 2010 WL 2595185, at *2 (quoting *Denner v. Tex. Dep't of Crim. Just.*, No. SA-05-CA-184-XR, 2007 WL 294191, at *6 (W.D. Tex. Jan. 29, 2007)). The present rate for marshal service is $65.00 per hour. 28 C.F.R. § 0.114.

The only proof of service provided in this record is returns of service on SW Homeowners Association on February 27, 2025, Dkt. 18-1; on Carol Brown on May 13, 2025, Dkt. 18-2; and on David Brown on June 30, 2025, Dkt. 18-3. Applying the marshal rate to these three, and assuming one hour of time spent (again, no evidence showing otherwise), the Court will award $195.00 for PennyMac's costs associated with service. The Court finds that this amount, plus the $488.00 in state-court filing fees, adds up to a recoverable total of $683.00 in costs for PennyMac.

---

[2] The Court notes that the dates set out here do not align with the dates stated on the returns of service filed along with PennyMac's Motion for Clerk's Entry of Default (discussed below).

## III. ORDER

The Court **GRANTS** PennyMac's Second Motion for Attorney's Fees and Costs, Dkt. 28. The Court **ORDERS** that PennyMac shall recover from Defaulting Defendants, who are jointly and severally liable, $3,535.00 in reasonable and necessary attorneys' fees and $683.00 in costs.

SIGNED October 20, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE